

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2010

# Warren F. Arsad, Jr. v. Sandra Gerula

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3379

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Warren F. Arsad, Jr. v. Sandra Gerula" (2010). *2010 Decisions.* Paper 1857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3379
_____

WARREN F. ARSAD, JR.,
                                                    Appellant
vs.

MS. SANDRA GERULA, Records Supervisor;
MS. REBECCA REIFER, Grievance Coordinator;
MR. KENNETH CAMERON, Superintendent

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 09-cv-00196)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Opinion filed: February 19, 2010

_____

OPINION
_____

PER CURIAM.

        Warren Arsad, a state prisoner proceeding pro se, appeals the District Court's order

dismissing his complaint for failure to prosecute.  We have jurisdiction under 28 U.S.C. § 1291,

and review the District Court's order for an abuse of discretion. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003). We will affirm.

On July 15, 2009, Arsad filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania, alleging that prison officials were permitting his "false imprisonment." Rather than remit the appropriate filing fee or submit a motion seeking leave to proceed in forma pauperis, Arsad instead requested that the filing fee be paid from a fund which supposedly exists at the Federal Reserve Bank in his name.

The Magistrate Judge assigned to screen the complaint issued an Order on July 27, 2009, instructing Arsad that he must first authorize payment of the filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, by signing an Authorization form which was provided to him. Arsad, a litigant who is quickly becoming a "frequent filer" in this Circuit, once again attempted to avoid his obligation to pay the filing fee for the underlying action. Rather than request in forma pauperis status and sign the Authorization form, Arsad submitted a promissory note purporting to cover the costs of filing his § 1983 complaint. Given Arsad's continued refusal to either pay the filing fee or properly pursue in forma pauperis status, the Magistrate Judge issued a Report and Recommendation recommending that his complaint be dismissed for lack of prosecution.

Pursuant to 28 U.S.C. § 636(b)(1), Arsad was afforded an opportunity to file written objections to the Report and Recommendation. Instead of filing objections to the Report or providing the requested Authorization, Arsad prepared a notice of appeal to this Court. As a result of Arsad's steadfast refusal to assume financial responsibility for his § 1983 action, the District Court entered an Order on August 11, 2009 – prior to the receipt of Arsad's notice of

2

appeal – directing that the complaint be dismissed for failure to prosecute. Arsad's notice of appeal to this Court was thereafter received and filed in a timely manner.

As directed by the case opening letter from this Court's Clerk's Office, Arsad sought and was granted leave to proceed in forma pauperis on appeal.[1] Upon careful review of the record, we conclude that the District Court did not abuse its discretion in administratively terminating Arsad's civil action for failure to prosecute. We do not hesitate to conclude that Arsad's conduct amounts to a willful failure to respond to the orders issued by the District Court, and "evidences an intent to flout the District Court's instructions" on proper compliance with the provisions of 28 U.S.C. § 1915. Redmond v. Gill, 352 F.3d at 803.

Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

We also note that this appeal is but one of a number growing out of Arsad's practice of attempting to evade responsibility for payment of filing fees by tendering worthless "promissory notes" or refusing to sign authorization forms. Appellant's tactics constitute harassment of the judicial system and should not be permitted to continue. Accordingly, we direct that the Clerk of this Court to accept no future cases from Warren F. Arsad, Jr., absent a specific order from a judge of this Court.

---

[1] To the extent Arsad objects to the Clerk's Order assessing fees for this appeal, we will affirm the Clerk's Order. While this Court requires the authorization form by local rule, it is not required by the statute. Arsad's obligation to pay the filing fees associated with this appeal was incurred when he filed his notice of appeal and motion for leave to proceed in forma pauperis on appeal. He can not avoid paying those fees simply by failing to sign and file the Authorization form. See Newlin v. Helman, 123 F.3d 429 (7th Cir. 1987); Hall v. Stone, 170 F.3d 706, 708 (7th Cir. 1999).

3